**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **GLYNNIS WAGNER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:05CV01901 (JCH) |
| ) | |
| **CITY OF PINE LAWN, MISSOURI,** ) | |
| ) | |
| **PINE LAWN POLICE DEPARTMENT,** ) | |
| ) | |
| **P.O. ROBERT SAMPSON,** *Individually* ) | **JURY TRIAL DEMANDED** |
| *and in his Official Capacity,* ) | |
| ) | |
| and ) | |
| ) | |
| **P.O. ADRIAN ROBERTS,** *Individually* ) | |
| *and in his Official Capacity,* ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

PARTIES

1. At all times relevant herein, Plaintiff Glynnis Wagner was a resident of the County of St. Louis, State of Missouri.

2. At all times relevant herein, Defendants Robert Sampson and Adrian Roberts were police officers of the Pine Lawn Police Department and at all times herein acting under the color of law and in such capacity as an agent, servant and employee of the City of Pine Lawn and the Pine Lawn Police Department and/or its Chief of Police and was acting pursuant to either official policy or the custom and practice of the City of Pine Lawn and the Pine Lawn Police Department.

3.	At all times relevant herein, Donald Hardy was the Chief of Police for the Pine Lawn Police Department and as such, he was the commanding officer of the Defendants Robert Sampson and Adrian Roberts and was responsible for the training, supervision, discipline and conduct of these officers.  Chief Hardy is further responsible for enforcing the regulations of the Pine Lawn Police Department and for ensuring that Defendants Robert Sampson and Adrian Roberts obey the laws of the State of Missouri and United States of America.  At all times relevant herein, Chief Hardy was acting under the color of the law and in such capacity as an agent, servant and employee of the City of Pine Lawn and as a policymaker for the Pine Lawn Police Department.

4.	In the alternative, Defendant City of Pine Lawn, acting by and through elected officials and/or its City Manager, is and was the policymaker for the Pine Lawn Police Department in all matters alleged herein, with the power and duty to supervise, discipline and control the conduct of Defendants Robert Sampson and Adrian Roberts.

5.	Defendant City of Pine Lawn, Missouri is a municipal corporation, organized and existing in accordance with the laws of the State of Missouri.

6.	Plaintiff sues Defendants Robert Sampson and Adrian Roberts in both their individual and official capacities.

## JURISDICTION

7.	These are claimed violations under 42 U.S.C. §1983, such that federal court jurisdiction is appropriate.  This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343.

8.	The actions described herein all occurred in the Eastern District of Missouri and, therefore, within this Court's District.

9. Plaintiff requests supplemental court jurisdiction [28 U.S.C. §1367] of the remaining allegations.

## FACTUAL ALLEGATIONS

10. On or about October 19, 2003, Defendants Robert Sampson and Adrian Roberts proceeded to the residence of Plaintiff located in the City of Ferguson, State of Missouri in order to execute on alleged traffic violations warrants on Plaintiff from the City of Pine Lawn.  Plaintiff was lawfully occupying her home and allowed Defendants to enter her residence.

11. After allowing Defendants Roberts Sampson and Adrian Roberts to enter her residence, Plaintiff complied fully with Defendants in accordance with their arrest warrant.  Plaintiff had several of her grandchildren and an elderly uncle in her home.  Plaintiff requested that she be able to call her husband or son to come to her home while she went with Defendants to the police station.  Plaintiff also informed her uncle that she had to leave with the defendant police officers.

12. While on her cell phone speaking with her son, without reason or provocation, Defendants Robert Sampson and Adrian Roberts began to forcefully shove Plaintiff's arm repeatedly against a file cabinet.  Defendants Robert Sampson and Adrian Roberts told Plaintiff not to resist arrest.  Plaintiff informed Defendants that she was not resisting.

13. Despite complying with Defendants Roberts Sampson and Adrian Roberts, Plaintiff was taken to the ground with great force by the Defendants.  The defendant officers applied force to Plaintiff's back and arm and placed her in handcuffs.

14.     Plaintiff further asked Defendants if she could get her medication and if she could calm her grandchildren who witnessed the events.  The defendant officers refused both requests.

15.     Plaintiff was detained and transported to the Pine Lawn Police Department.  Plaintiff informed Defendants that it was unnecessary to use such force and that she would be filing a complaint against them.  Defendants informed Plaintiff that she would be charged with resisting arrest if she filed a complaint.  After Plaintiff was released from custody, she filed a complaint against defendant officers with the Pine Lawn Police Department.  Approximately a week after Plaintiff filed the complaint, Defendants Roberts Sampson and Adrian Roberts filed resisting arrest charges against Plaintiff.  The City of Pine Lawn has never prosecuted the alleged violations for resisting arrest.

## **COUNT I -42 U.S.C. 1983- VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE CONSTITUTION- EXCESSIVE FORCE**

For her cause of actions against Defendants Roberts Sampson and Adrian Roberts in Count I, Plaintiff states:

16.     By reference, Plaintiffs incorporates each and every allegation contained in Paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17.     Defendants Robert Sampson and Adrian Roberts used unnecessary, unreasonable and excessive force against Plaintiff and thereby caused a violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution by repeatedly pushing her against a file cabinet and forcefully taking her to the ground in order to handcuff her when no use of physical force was justified because

Plaintiff had not failed to comply with any lawful directive or command of any officer and had not threatened any officer or anyone else with physical violence.

18.     As a direct and proximate result of the malicious and outrageous conduct of Defendants Robert Sampson and Adrian Roberts as aforementioned, Plaintiff suffered severe and permanent injuries including traumatic injuries to her arm, neck and back causing Plaintiff's body to be weakened, sore and painful.  Plaintiff has suffered special damages in the form of medical expenses and will suffer additional special damages in the form of future medical expenses which cannot yet be determined.

19.     As a direct and proximate result of the aforementioned conduct of Defendants Robert Sampson and Adrian Roberts, Plaintiff also suffered severe mental anguish in the form of fear and apprehension towards police officers and depression because of her physical condition.

20.     The acts of Defendants Robert Sampson and Adrian Roberts as aforementioned were intentional, wanton, malicious, oppressive, reckless and in total disregard to the rights of Plaintiff, entitling Plaintiff to an award of punitive Damages against Defendants Roberts Sampson and Adrian Roberts.

21.     If Plaintiff prevails, she is entitled to an award of attorney's fees pursuant to 42 U.S.C. 1988.

WHEREFORE, Plaintiff prays for judgment against Defendants Robert Sampson and Adrian Roberts for compensatory damages in an amount that is fair, just and reasonable and for punitive damages, plus costs of this action, attorney's fees and such other relief as this Court deems just and proper.

## **COUNT II- 42 U.S.C. 1983- FAILURE TO TRAIN AND SUPERVISE**

For her cause of action against Defendant City of Pine Lawn and Pine Lawn Police Department, Plaintiff states:

22. By reference, Plaintiffs incorporates each and every allegation contained in Paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. All of the actions and/or omissions of Defendants Robert Sampson and Adrian Roberts took place pursuant to, and acting upon, the policies, practices, procedures, patterns, decisions, instructions, orders, and <u>customs</u> of Defendant City of Pine Lawn, Missouri and/or Defendant Pine Lawn Police Department.  Plaintiff alleges that Defendants are liable for damages caused by Defendant Roberts Sampson's and Defendant Adrian Roberts' intentional and/or wrongful and/or reckless and/or negligent acts and/or omissions while Defendants were acting within the course and scope of their employment.  This all took place under circumstances where Defendant Pine Lawn Police Department and Defendants Roberts Sampson and Adrian Roberts are liable as a governmental entity and individual officers.  Defendants' liability is based upon allegations including the following things, all of which demonstrate patterns of behavior and deliberate indifference to the issues raised and to the rights of citizens.  These all led to deprivations of rights, privileges, and immunities secured by the federal and state constitutions as well as federal and state laws.  Deprivation of constitutional rights as set out herein;

      (a)    Inadequate training and instruction of employees as to the proper use of police power, arrest, and force;

      (b)    Inadequate supervision of employees as to the proper use of police power, arrest, and force;

(c) Inadequate discipline of employees as to the proper use of police power, arrest, and force;

(d) Inadequate supervision of hiring and firing with resultant, poor personnel decisions as to the proper use of police power, arrest, and force;

(e) Use of excessive force upon citizens and abuse of police power and arrest power on citizens;

(f) Acquiescence in the actions and omissions described throughout this pleading;

(g) Failure to avoid, and (thereafter) failure to investigate, abusive treatment and excessive force used upon citizens;

(h) Failure to take remedial action against a known pattern of misconduct by officers;

(i) Failure to take significant steps to prevent a known risk of wrongful arrest, assault/battery, and excessive force on citizens;

(j) Taking aggressive law enforcement actions without first having met the standard of probable cause;

(k) Tolerance of misconduct regarding physical abuse and excessive force toward citizens;

(l) Deliberate indifference and conscious disregard for a high risk that the officers would use excessive force and/or fail to protect against such use in violation of plaintiff's federally and state protected rights.

The said actions, omissions, policies, practices, procedures, patterns, decisions, instructions, orders, and customs of Defendants were the moving forces behind the constitutional and other violations described in this pleading.  Those things are established, in part, by proof of knowledge and acquiescence.

Defendants acted together in a joint venture, were joint tortfeasors, and are jointly and severely liable to Plaintiff.

24. Donald Hardy, the Chief of the Pine Lawn Police Department, is delegated with the authority to control the conduct of the officers of the Pine Lawn Police Department and has not properly trained, controlled or disciplined the conduct of the officers of Defendant Pine Lawn Police Department.

25. Defendant City of Pine Lawn is a policymaker for Defendant Pine Lawn Police Department and has the duty to properly hire and train police officers of Defendant Pine Lawn Police Department and has not properly trained, controlled or disciplined the conduct of the officers of Defendant Pine Lawn Police Department.

26. Defendant City of Pine Lawn and/or Defendant Pine Lawn Police Department were deliberately indifferent to the risk of constitutional violations due to their failures to adequately train, discipline and supervise Defendants Robert Sampson and Adrian Roberts which they knew or should have known would cause the aforementioned constitutional violations suffered by Plaintiff.

27. As a direct and proximate result of the policies, customs and practices of Defendant City of Pine Lawn and/or Defendant Pine Lawn Police Department, Plaintiff suffered constitutional violations.

28. If Plaintiff prevails, she is entitled to an award of attorney's fees pursuant to 42 U.S.C. 1988.

WHEREFORE, Plaintiff prays for judgment against Defendant City of Pine Lawn and Defendant Pine Lawn Police Department for compensatory damages in an amount

that is fair, just and reasonable, plus costs of this action, attorney's fees and such other relief as this Court deems just and proper.

## COUNT III- ASSAULT AND BATTERY

For her cause of action against Defendants Robert Sampson and Adrian Roberts in Count III, Plaintiff states:

29. By reference, Plaintiffs incorporates each and every allegation contained in Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. The acts of Defendants Robert Sampson and Adrian Roberts as aforementioned were committed without just cause or provocation with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact and apprehension of bodily harm constitution an intentional assault and battery against Plaintiff.

31. As a direct and proximate result of the malicious and outrageous conduct of Defendants Robert Sampson and Adrian Roberts as aforementioned, Plaintiff suffered severe and permanent injuries including traumatic injuries to her arm, neck and back causing Plaintiff's body to be weakened, sore and painful.  Plaintiff has suffered special damages in the form of medical expenses and will suffer additional special damages in the form of future medical expenses which cannot yet be determined.

32. As a direct and proximate result of the aforementioned conduct of Defendants Robert Sampson and Adrian Roberts, Plaintiff also suffered severe mental anguish in the form of fear and apprehension towards police officers and depression because of her physical condition.

33. The acts of Defendants Robert Sampson and Adrian Roberts as aforementioned were intentional, wanton, malicious, oppressive, reckless and in total disregard to the rights of Plaintiff, entitling Plaintiff to an award of punitive damages against Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants Robert Sampson and Adrian Roberts for compensatory damages in an amount that is fair, just and reasonable and for punitive damages, plus costs of this action, attorney's fees and such other relief as this Court deems just and proper.

Respectfully submitted,

HUMPHREY & SIEGLER, LLC

By: _____

Preston Humphrey, Jr. #84982
Attorney for Plaintiff
1221 Locust, Suite 504
St. Louis, MO 63103
(314) 621-1765
(314) 621-0020
phumphrey@hsklaw.com