UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLYNNIS WAGNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05-CV-1901 (JCH) |
| | ) |
| CITY OF PINE LAWN, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The matter is before the Court on Defendant Adrian Roberts' ("Roberts") Motion for Costs (Doc. No. 75), filed April 16, 2008. Plaintiff filed her objection on April 21, 2008. On May 14, 2008, the Court ordered Plaintiff to file proof of her indigency. (Doc. No. 78). Plaintiff filed her response to this order on May 27, 2008. (Doc. No. 79).

## BACKGROUND

On August 1, 2006, Plaintiff filed her First Amended Complaint (Doc. No. 20) alleging the following claims: (I) violation of 42 U.S.C. § 1983 by Defendants Roberts and Robert Sampson ("Sampson") for use of excessive force; (II) violation of § 1983 by Defendants City of Pine Lawn, Missouri ("Pine Lawn") and Pine Lawn Police Department for failing to train and supervise Roberts and Sampson; and (III) assault and battery by Roberts and Sampson. On November 7, 2006, the Court dismissed Defendant Pine Lawn Police Department with prejudice because it is not a suable entity. (Order of Nov. 7, 2006, Doc. No. 32). On February 20, 2007, the Court dismissed the claims against Sampson due to Plaintiff's failure to serve him with process. (Docket Text Order of Feb. 20, 2007). On February 7, 2008, the Court granted Pine Lawn summary judgment on Plaintiff's claims

against it. (Order of Feb. 7, 2008, Doc. No. 49). A trial was held on April 7-8, 2008, and the jury returned a verdict in favor of Roberts. (Doc. No. 66-73).

## **DISCUSSION**

Robert's Motion for Costs requests an award of $2,135.08 to cover court reporter fees, transcript costs, and copying costs. (Mot. for Costs, Doc. No. 75, at Ex. A p. 1). Plaintiff responds that the Court should not award costs because she "is clearly indigent." (Objection, Doc. No. 76 at p. 2).

28 U.S.C. § 1920 provides, in part, that:

> A judge or clerk of any court of the United States may tax as costs the following: . . . (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case . . . .

28 U.S.C. § 1920. The Federal Rules of Civil Procedure state that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs– other than attorney's fees– should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). This rule presumes an award of costs; however, the Court has "substantial discretion in awarding costs." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006). Plaintiff bears the burden of showing that costs should not be imposed. See Whitfield v. Scully, 241 F.3d 264 (2d Cir. 2001). The indigency of the losing party is a reason the Court should consider when determining whether to tax costs, Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003) and is a valid reason for not awarding costs. Poe v. John Deere Co., 695 F.2d 1103, 1108 (8th Cir. 1982).

When determining whether indigency should excuse the awarding of costs, the Court must first make a "threshold factual finding" that the losing party is "incapable of paying the court-imposed costs at this time or in the future." Rivera v. City of Chicago, 469 F.3d 631, 635 (7th Cir. 2006); see

Sanglap v. LaSalle Bank, FSB, 194 F. Supp. 2d 798. 801 (N.D. Ill. 2002) (holding that losing party must be indigent, "not merely a person with low income or limited financial resources."). As such, the losing party should provide the Court with "sufficient documentation to support a finding." Treaster v. HealthSouth Corp., 505 F. Supp. 2d 898, 902 (D. Kan. 2007). This documentation should include "evidence in the form of an affidavit or other documentary evidence of income and assets, as well as a schedule of expenses." Rivera, 469 F.3d at 635.

Here, Plaintiff filed documents showing that she has not been employed in five years and is disabled due to her bipolar disorder and chronic asthma. (Doc. No. 79 at Ex. B p. 5). She has received Social Security Disability Benefits since 1990 and is on Medicaid. (Id. at Ex. B p. 5, Ex. C). Her husband is also unemployed and has received Social Security Disability Benefits since 2002. (Id. at Ex. B p. 6). Based on this information, the Court finds that Plaintiff is indigent because it is unlikely that she could pay the full costs at this time or at any time in the future.

Next, the Court should consider the "amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised" in deciding whether to deny, or reduce, costs. Rivera, 469 F.3d at 635. When considering these issues, the Court should not compare the prevailing party's relative wealth to the losing party's resources. A.D. v. Deere & Co., 229 F.R.D. 189, 193 (D. N.M. 2004). Here, the amount of costs is not excessive, but would be oppressively burdensome to Plaintiff if awarded in full. Secondly, Plaintiff acted in good faith throughout the case. The issues raised in this case, however, were neither complex nor particularly close. As such, the Court will award costs, but will reduce the requested amount of $2,135.08 by half to $1067.04. This reduction reflects Plaintiff's good faith and indigency without forcing Roberts to bear the full costs incurred in defending against a relatively weak claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Robert's Motion for Costs (Doc. No. 75) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that costs are taxed against Plaintiff Glynnis Wagner in the amount of $1067.04.

Dated this <u>28th</u> day of May, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE